[No. 14484. Department Two. — February 1, 1892.]

W. B. BRADBURY, ADMINISTRATOR, ETC., APPELLANT, v. J. S. McCLURE, ADMINISTRATOR, ETC., RESPONDENT.

MONEY HAD AND RECEIVED — DEPOSIT AS SECURITY — RELEASE OF ATTACHMENT — RETURN OF DEPOSIT — EVIDENCE. — In an action for money had and received, brought by the administrator of a depositor against the administrator of the receiver of the deposit, where the evidence showed that the money was deposited in pursuance of an agreement between the depositor and a third party, who had sued him and attached some of his property, and that the property was released in pursuance of such agreement, the receiver of the deposit agreeing to hold the money and other property as security for any judgment such third party might recover, further evidence tending to show an immediate repayment of the money to the depositor is properly admissible, it appearing that the judgment was satisfied out of other property of the depositor.

ID. — REVOCATION OF TRUST — OBLIGATION OF TRUSTEE TO CREDITOR —

VIOLATION OF TRUST. — Assuming such transaction to be a trust, the depositor is both trustor and beneficiary, and with the consent of his trustee could end the trust at any time, so far as the trustee is under obligations to him, leaving the trustee still responsible to the attaching creditor, and by so doing the trustee would violate no trust of which the depositor could complain.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion.

*Gordon & Young,* for Appellant.

*G. W. McEnerney,* for Respondent.

TEMPLE, C. — Plaintiff appeals from the judgment and order denying a new trial.

The action is for money had and received. There is but one finding, as follows: "That on the seventh day of June, 1888, David McClure received the sum of $2,790 to and for the use and on behalf of James Mc-Cord, and that on the same day, he, said David McClure, paid the same sum of $2,790, and the whole thereof, to said James McCord."

There can be no doubt that there is evidence to sustain this finding; but it is contended that the evidence was improperly admitted, and that is really the only question that is involved on this appeal.

It seems that the money was deposited with McClure by McCord in pursuance of an agreement between himself and one Schmitt, who had sued him and attached some of his property. The property was released in pursuance of this agreement, McClure agreeing to hold the money and other property as security for any judgment Schmitt might recover.

Notwithstanding this agreement, the evidence tended to show, and the court found the fact to be, that McClure immediately paid the money to McCord.

It is contended that such payment, if made, would be a violation on the part of McClure of his trust; that he

could not, and his estate cannot, defend on that ground; that therefore the evidence should have been excluded on plaintiff's objection, and being in, the court should construe it so as not to find that McClure failed in his duty as trustee.

McClure died before the suit was determined. When judgment was finally recovered by Schmitt, it was satisfied out of other property of McCord. Schmitt, therefore, had no further interest in the trust. If this had been otherwise, and Schmitt were plaintiff here, the rule invoked by appellant would have prevailed. But McClure had violated no confidence of which McCord could complain.

Regarding the transaction as a trust, McCord was both trustor and beneficiary, and with the consent of his trustee could end it at any time, so far as McClure was under obligations to him, leaving McClure still responsible to Schmitt. McClure's contract with McCord was to pay the money to Schmitt in satisfaction of McCord's debt, or directly to McCord. McCord could not be injured by having the money paid at once to himself.

So far as the fact that the payment would be in violation of a trust would affect the value of the evidence in determining the question as to whether McClure had paid McCord, we must presume the trial court gave it its proper weight. It seems to us that the question was properly determined.

We think the judgment and order should be affirmed.

FITZGERALD, C., and VANCLIEF, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.